**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.:** 03C 4774 |
| **v.** | ) | |
| | ) | **Judge:** JUDGE JOHN W DARRAH |
| **OBERWEIS DAIRY** | ) | |
| | ) | MAGISTRATE JUDGE LEVIN |
| **Defendants.** | ) | |

DOCKETED JUL 1 1 2003

FILED-ED5 03 JUL 10 PM 1:03 CLERK U.S. DISTRICT COURT

**COMPLAINT**

Now comes the Plaintiff, Jane Doe, by her attorneys, against the Defendant, Oberweis Dairy, and complains as follows:

**JURISDICTION AND VENUE**

1. This action arises under, and jurisdiction is founded on, 28 U.S.C. §§ 1331 and 1343 (4); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.* as amended. Plaintiff also pleads supplemental claims under the laws of the State of Illinois for Assault and Battery, Negligence, Negligent Infliction of Emotional Distress, Willful and Wanton Misconduct, and Intentional Infliction of Emotional Distress, pursuant to 28 U.S.C. § 1367.

2. On December 10, 2002, Plaintiff filed charges with the Equal Employment Opportunity Commission (hereinafter known as the EEOC), alleging discrimination and harassment under Title VII.

3. On April 29, 2003, Plaintiff received a right-to-sue letter from the EEOC.

4. Plaintiff has exhausted her federal administrative remedies and under U.S.C. Sec.2000e-5(f) has standing to file this civil action against Defendant.

1-

5. Venue is proper in this Court pursuant to 42 U.S.C. Sec. 2000e-5(f)(3), as all of the discriminatory employment practices alleged herein were committed within this district.

**PARTIES**

6. Plaintiff, a female, was employed by the Defendant Oberweis Dairy from Fall 2001 until September 4, 2002.

7. At all times described, Plaintiff was a minor, under the age of 18.

8. Plaintiff is a citizen of the United States of America, entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States.

9. Defendant Oberweis Dairy is located at 951 Ice Cream Lane, North Aurora, IL 60542. It employs more than five hundred employees, and is an employer and a "person" under Title VII.

**FACTS COMMON TO ALL COUNTS**

10. During Plaintiff's employment at Defendant Oberweis' Bartlett store, she was subjected to ongoing sexual harassment by her shift supervisor, Defendant James Matthew Nayman.

11. Nayman's behavior towards Plaintiff included sexual advances, comments about Plaintiff's appearance, hugging, kissing, and hitting Plaintiff's buttocks.

12. At one point Plaintiff's mother spoke to Oberweis manager Karen (last name unknown) about her concerns over Nayman's behavior. The manager indicated that Nayman had sexually harassed her as well and had been known to sexually harass and seduce female employees at Oberweis, at least one of whom was also a minor.

13. Plaintiff's mother also complained to the Human Resources Department and an

Oberweis Vice President about Nayman's behavior.

14. Oberweis managers Karen (last name unknown) and Cathy (last name unknown) and other Oberweis supervisors witnessed Nayman's sexual harassment of Plaintiff and the other females working at the store but took no action.

15. Plaintiff made numerous complaints regarding Nayman's behavior, to him and to Oberweis manager Karen (last name known).

16. As a result of Nayman's actions towards Plaintiff, he was found guilty of Aggravated Criminal Sexual Abuse (720 ILCS 5/512-16(d)).

17. Oberweis did not conduct sexual harassment training for its employees while Plaintiff was employed there.

18. Plaintiff was never told who she could complain to about sexual harassment, and was never told that she would be protected from retaliation if she complained.

19. Oberweis operates its business with stores that are primarily made up of teenage employees reporting to adult supervisors.

**COUNT I**

**TITLE VII - SEXUAL DISCRIMINATION AND HARASSMENT**

1- 19. Plaintiff hereby incorporates paragraphs 1-19 as though fully pleaded herein.

20. Defendant Oberweis knew or should have known of Nayman's history of harassment and seduction of female employees and his sexually predatory propensities.

21. Defendant Oberweis had a special duty to protect Plaintiff and its other employees from harassment because of the large number of female employees under the age of eighteen.

22. Plaintiff was subjected to discriminatory treatment by Defendant Oberweis in the terms and conditions of her employment and sexual harassment in violation of Title VII.

23. The conduct of the Defendant Oberweis with respect to Plaintiff constituted malice or reckless indifference to the federally protected rights of the Plaintiff.

24. As a proximate result of the practices alleged, the Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

## COUNT II

## NEGLIGENCE

1-24. Paragraphs 1-24 are realleged as though fully pleaded herein.

25. Defendant Oberweis owed a duty to its employees to safeguard them from harmful conduct that might be undertaken by their supervisors.

26. Defendant breached this duty by failing to hire competent and adequately trained supervisors, failing to take any action against Nayman despite its actual and constructive knowledge of his behavior, failing to adequately supervise Nayman, and allowing Nayman to abuse his position of authority.

27. Oberweis's failure to take any action made it reasonably foreseeable that Nayman would continue to prey upon young female employees.

28. Defendant Oberweis had a special duty to protect Plaintiff and its other employees from harm because of the large number of female employees under the age of eighteen that Oberweis hires to work at its stores.

29. As a proximate result of the foregoing negligence by Defendant Oberweis,

Plaintiff has suffered substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

30. Defendant's duty not to be negligent are completely independent of any duties created under the Illinois Human Rights Act.

**COUNT III**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

1-30. Paragraphs 1-30 are realleged as though fully pleaded herein.

31. As a proximate result of the actions alleged in Paragraphs 10-19 and Count II, Plaintiff has suffered emotional distress.

32. Defendant's duty not to be negligent are completely independent of any duties created under the Illinois Human Rights Act.

**COUNT IV**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-32. Paragraphs 1-32 are realleged as though fully pleaded herein.

33. Defendant Oberweis' conduct, through its agent, Nayman, towards the Plaintiff was extreme and outrageous.

34. When Nayman was engaging in the actions alleged in this Count, he was acting as an alter ego of Defendant Oberweis.

35. Defendant Oberweis was aware of or should have been aware of the extreme and outrageous conduct being taken against the Plaintiff by Nayman.

36. Defendant Oberweis had a special duty to protect Plaintiff and its other

employees from harm because of the large number of female employees under the age of eighteen that Oberweis hires to work at its stores.

37. Defendant's conduct, through its agent, Nayman, was intentionally designed to intimidate, harass, and cause emotional distress to Plaintiff, or was in reckless disregard of the probability that it would cause Plaintiff emotional distress.

38. As a proximate result of the foregoing acts of extreme and outrageous behavior by Defendant, Plaintiff has suffered emotional distress.

39. Defendant's duties not to intentionally inflict emotional distress on the Plaintiff are completely independent of any duties created under the Illinois Human Rights Act.

**COUNT V**

**WILLFUL AND WANTON MISCONDUCT**

1-39 Paragraphs 1-39 are realleged as though fully pleaded herein.

40. Defendant Oberweis knew or should have known that its failure to take action against Nayman despite its actual or constructive knowledge of his behavior would likely and probably result in injury to its employees, including minors, and including the Plaintiff.

41. Defendant knowingly and intentionally disregarded the substantial risk and danger that it knew or should have known would result from its failure to take action.

42. Through its reckless disregard for the substantial risk and danger to its employees, Defendant Oberweis ratified the outrageous conduct of its supervisory employee Nayman.

43. Defendant's failure to take any action against Nayman showed an utter indifference to or conscious disregard for the safety of its employees.

44. Defendant Oberweis had a special duty to Plaintiff and its other employees from harassment because of the large number of female employees under the age of eighteen that Oberweis hires to work at its stores.

45. By disregarding this knowledge of substantial risk posed by Nayman's behavior, Oberweis has committed willful and wanton misconduct.

46. As a proximate result of the foregoing conduct by Defendant Oberweis, Plaintiff has suffered substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

47. Defendant's duty not to act willfully and wantonly is completely independent of any duties created under the Illinois Human Rights Act.

**COUNT VI**

**ASSAULT and BATTERY**

1-47. Paragraphs 1-47 are and realleged the same as though fully pleaded herein.

48. Defendant Oberweis, through its agent Nayman, repeatedly and willfully touched Plaintiff without her consent in an offensive manner and with the intent of harming Plaintiff, and intentionally placed Plaintiff in reasonable apprehension of such conduct.

49. When Nayman was committing assault and battery against the Plaintiff, he was acting as an alter ego of Defendant Oberweis.

50. Defendant Oberweis was aware or should have been aware of the assault and battery being committed against the Plaintiff by Nayman.

51. Defendant Oberweis had a special duty to Plaintiff and its other employees from harassment because of the large number of female employees under the age of eighteen that

Oberweis hires to work at its stores.

52. As a proximate result of the actions alleged, Plaintiff has suffered emotional distress and other monetary and non-monetary losses.

53. Defendant's duties not to commit assault and battery on the Plaintiff are completely independent of any duties created by the Illinois Human Rights Act.

WHEREFORE, Plaintiff prays for the following:

(a) Trial by Jury on the charges raised in her Complaint, and those filed with the EEOC and advancement on the Court's docket for a speedy hearing;

(b) That a declaratory judgement be issued that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the acts cited;

(c) This the Court permanently enjoin Defendant, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

(d) That Plaintiff have and recover from the Defendant reinstatement or front pay, back wages and lost benefits with interest, pre and post judgment interest, compensatory, consequential and punitive damages for emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses under Title VII, and under the laws of the State of Illinois for Defendant's tortious conduct and for any other damages to which Plaintiff may be entitled under federal and/or state law;

(e) That Plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. Section 1988 and any other attorney fee statutes; and

(f) Grant such other relief as the Court deems just and proper.

Attorney for Plaintiff

H. CANDACE GORMAN
Catherine Caporusso
LAW OFFICE OF H. CANDACE GORMAN
542 South Dearborn
Suite 1060
Chicago, IL 60605
(312) 427-2313



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS



DOCKETED
JUL 1 1 2003

# Civil Cover Sheet

**Plaintiff**(s): Jane Doe

**Defendant**(s): **Oberweis Dairy**

County of Residence: DuPage

County of Residence: Kane

Plaintiff's Atty: H. Candace Gorman
542 S. Dearborn Suite 1060
Chicago, IL 60005

Defendant's Atty: JUDGE JOHN W DARRAH

**03C 4774**

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party) and Supplemental Jurisdiction**

MAGISTRATE JUDGE LEVIN

III. Citizenship of Principal Parties

Plaintiff:-**N/A**
Defendant:-**N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **442 Employment**

VI.Cause of Action: **Sexual Harassment; Assault and Battery, Negligence, Negligent Infliction of Emotional Distress, Willful and Wanton Misconduct, and Intentional Infliction of Emotional Distress**

VII. Requested in Complaint

Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **Is NOT** a refiling of a previously dismissed case.

FILED-ED5 03 JUL 10 PM 1:03 CLERK U.S. DISTRICT COURT

Signature: [signature]

Date: 7/10/03

1-2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUDGE JOHN W DARRAH

In the Matter of JANE DOE v. OBERWEIS DAIRY

Case Number: 03C 4774

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff

DOCKETED JUL 11 2003

MAGISTRATE JUDGE LEVIN

| (A) | (B) |
|---|---|
| SIGNATURE H. Candace Gorman/CAC | SIGNATURE Catherine Caporusso |
| NAME H. CANDACE GORMAN | NAME CATHERINE CAPORUSSO |
| FIRM LAW OFFICES OF H. CANDACE GORMAN | FIRM LAW OFFICE OF H. CANDACE GORMAN |
| STREET ADDRESS 542 South Dearborn, Suite 1060 | STREET ADDRESS 542 S. DEARBORN STREET, SUITE 1060 |
| CITY/STATE/ZIP Chicago, IL 60605 | CITY/STATE/ZIP Chicago, IL 60605 |
| TELEPHONE NUMBER (312) 427-2313 | TELEPHONE NUMBER (312) 427-2313 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06184278 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6228965 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [X] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [X] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

FILED-ED5 03 JUL 10 PM 1:03 CLERK U.S. DISTRICT COURT

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

1-3