
IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 03C 4774 |
| OBERWEIS DAIRY, | ) ) Judge John W. Darrah |
|     Defendant. | ) Magistrate Judge Levin ) |

**ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant, OBERWEIS DAIRY, ("Defendant") by its attorneys Franczek Sullivan P.C., and for its Answer to Plaintiff's (hereinafter referred to as "Plaintiff" or "Doe") Complaint, states as follows:

JURISDICTION AND VENUE

1. This action arises under, and jurisdiction is founded on, 28 U.S.C. §§ 1331 and 1343 (4); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.* as amended. Plaintiff also pleads supplemental claims under the laws of the State of Illinois for Assault and Battery, Negligence, Negligent Infliction of Emotional Distress, Willful and Wanton Misconduct, and Intentional Infliction of Emotional Distress, pursuant to 28 U.S.C. § 1367.

ANSWER: Defendant admits that Plaintiff seeks to bring this action under the laws and causes of action described in Paragraph 1 of the Complaint but denies that Plaintiff is entitled to any relief under those laws or that the Complaint states a cause of action.

2. On December 10, 2002, Plaintiff filed charges with the with the Equal Employment Opportunity Commission (hereinafter known as the EEOC), alleging discrimination and harassment under Title VII.

ANSWER: Defendant admits the allegation contained in Paragraph 2.

3. On April 29, 2003, Plaintiff received a right-to-sue letter from the EEOC.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 3.

4. Plaintiff has exhausted her federal administrative remedies and under U.S.C. Sec. 2000e-5(f) has standing to file this civil action against Defendant.

ANSWER: Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Right To Sue, but Defendant denies the other allegations contained in Paragraph 4.

5. Venue is proper in this Court pursuant to 42 U.S.C. Sec. 2000e-5(f)(3), as all of the discriminatory employment practices alleged herein were committed within this district.

ANSWER: Defendant admits that venue is proper in this Court but denies that any discriminatory employment practices were committed within this District.

## PARTIES

6. Plaintiff, a female, was employed by the Defendant Oberweis Dairy from Fall 2001 until September 4, 2002.

ANSWER: Defendant admits the allegations contained in Paragraph 6.

7. At all times described, Plaintiff was a minor, under the age of 18.

ANSWER: Defendant admits the allegation contained in Paragraph 7.

8. Plaintiff is a citizen of the United States of America, entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States.

ANSWER: Defendant admits the allegation contained in Paragraph 8.

9. Defendant Oberweis Dairy is located at 951 Ice Cream Lane, North Aurora, IL 60542. It employs more than five hundred employees, and is an employer and a "person" under Title VII.

ANSWER: Defendant admits the allegation contained in Paragraph 9.

## FACTS COMMON TO ALL COUNTS

10. During Plaintiff's employment at Defendant Oberweis' Bartlett store, she was subjected to ongoing sexual harassment by her shift supervisor, Defendant James Matthew Nayman.

ANSWER: Defendant denies each and every allegation contained in Paragraph 10 including the allegation that James Matthew Nayman was Plaintiff's supervisor.

11. Nayman's behavior towards Plaintiff included sexual advances, comments about Plaintiff's appearance, hugging, kissing, and hitting Plaintiff's buttocks.

ANSWER: Defendant denies the allegations contained in Paragraph 11.

12. At one point Plaintiff's mother spoke to Oberweis manager Karen (last name unknown) about her concerns over Nayman's behavior. The manager indicated that Nayman had sexually harassed her as well as had been known to sexually harass and seduce female employees at Oberweis, at least one of whom was also a minor.

ANSWER: Defendant denies the allegations contained in Paragraph 12 as stated and states further that it admits that Plaintiff's mother spoke to a manager about the fact that she was going to press criminal charges against an employee of Oberweis.

13. Plaintiff's mother also complained to the Human Resources Department and an Oberweis Vice President about Nayman's behavior.

ANSWER: Defendant admits that allegation contained in Paragraph 13 but states further that Defendant's Human Resources Department contacted Plaintiff's mother about her allegations regarding Nayman.

14. Oberweis manager Karen (last name unknown) and Cathy (last name unknown) and other Oberweis supervisors witnessed Nayman's sexual harassment of Plaintiff and the other females working at the store but took no action.

ANSWER: Defendant denies the allegations contained in Paragraph 14.

15. Plaintiff made numerous complaints regarding Nayman's behavior, to him and to Oberweis manager Karen (last name known). *[sic.]*

ANSWER: Defendant denies the allegations contained in Paragraph 15.

16. As a result of Nayman's actions towards Plaintiff, he was found guilty of Aggravated Criminal Sexual Abuse (720 ILCS 5/512-16(d)).

ANSWER: Defendant admits that Mr. Nayman was found guilty of criminal sexual abuse.

17. Oberweis did not conduct sexual harassment training for its employees while Plaintiff was employed there.

ANSWER: Defendant denies the allegation contained in Paragraph 17.

18. Plaintiff was never told who she could complain to about sexual harassment, and was never told that she would be protected from retaliation if she complained.

ANSWER: Defendant denies the allegations contained in Paragraph 18.

19. Oberweis operates its business with stores that are primarily made up of teenage employees reporting to adult supervisors.

ANSWER: Defendant is unable to answer Paragraph 19 of the Complaint because of vagueness.

222849.1

## COUNT I

### TITLE VII – SEXUAL DISCRIMINATION AND HARASSMENT

1-19. Plaintiff hereby incorporates paragraphs 1-19 as though fully pleaded herein.

ANSWER: Defendant incorporates its responses to Paragraphs 1-19 above as its responses to the allegations contained in Paragraph 1-19 of Count I.

20. Defendant Oberweis knew or should have known of Nayman's history of harassment and seduction of female employees and his sexually predatory propensities.

ANSWER: Defendant denies the allegations contained in Paragraph 20.

21. Defendant Oberweis had a special duty to protect Plaintiff and its other employees from harassment because of the large number of female employees under the age of eighteen.

ANSWER: Defendant neither admits nor denies the allegations in Paragraph 21 to the extent they purport to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegations contained in Paragraph 21.

22. Plaintiff was subjected to discriminatory treatment by Defendant Oberweis in the terms and conditions of her employment and sexual harassment in violation of Title VII.

ANSWER: Defendant denies the allegation contained in Paragraph 22.

23. The conduct of the Defendant Oberweis with respect to Plaintiff constituted malice or reckless indifference to the federally protected rights to the Plaintiff.

ANSWER: Defendant denies the allegation contained in Paragraph 23.

24. As a proximate result of the practices alleged, the Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

ANSWER: Defendant denies the allegations contained in Paragraph 24.

## COUNT II

### NEGLIGENCE

1-24. Paragraphs 1-24 are realleged as though fully pleaded herein.

ANSWER: Defendant incorporates its responses to Paragraphs 1-24 above as its responses to the allegations contained in Paragraph 1-24 of Count II.

25. Defendant Oberweis owed a duty to its employees to safeguard them from harmful conduct that might be undertaken by their supervisors.

ANSWER: Defendant neither admits nor denies the allegations contained in Paragraph 25 to the extent they purport to state legal conclusions to which no admission or denial is required. Defendant is also unable to answer the allegation contained in Paragraph 25 because of vagueness. Otherwise, Defendant denies the allegation in Paragraph 25.

26. Defendant breached this duty by failing to hire competent and adequately trained supervisors, failing to take any action against Nayman despite its actual and constructive knowledge of his behavior, failing to adequately supervise Nayman, and allowing Nayman to abuse his position of authority.

ANSWER: Defendant denies each and every allegation contained in Paragraph 26.

27. Oberweis's failure to take any action made it reasonably foreseeable that Nayman would continue to prey upon young female employees.

ANSWER: Defendant denies the allegation contained in Paragraph 27.

28. Defendant Oberweis had a special duty to protect Plaintiff and its other employees from harm because of the large number of female employees under the age of eighteen that Oberweis hires to work at its stores.

ANSWER: Defendant neither admits nor denies the allegation contained in Paragraph 28 to the extent the allegation purports to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegation contained in Paragraph 28.

29. As a proximate result of the foregoing negligence by Defendant Oberweis, Plaintiff has suffered substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

ANSWER: Defendant denies the allegations contained in Paragraph 29.

30. Defendant's duty not to be negligent are completely independent of any duties created under the Illinois Human Rights Act.

ANSWER: Defendant neither admits nor denies the allegation contained in Paragraph 30 to the extent the allegation purports to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegation contained in Paragraph 30.

## COUNT III

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1-30. Paragraphs 1-30 are realleged as though fully pleaded herein.

ANSWER: Defendant incorporates its responses to Paragraphs 1-30 above as its responses to the allegations contained in Paragraph 1-30 of Count III.

31. As a proximate result of the actions alleged in Paragraphs 10-19 and Count II, Plaintiff has suffered emotional distress.

ANSWER: Defendant denies the allegation contained in Paragraph 31.

222849.1

      32. Defendant's duty not to be negligent are completely independent of any duties created under the Illinois Human Rights Act.

ANSWER: Defendant neither admits nor denies the allegation contained in Paragraph 32 to the extent the allegation purports to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegation contained in Paragraph 32.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-32. Paragraphs 1-32 are realleged as though fully pleaded herein.

ANSWER: Defendant incorporates its responses to Paragraphs 1-32 above as its responses to the allegations contained in Paragraph 1-32 of Count IV.

      33. Defendant Oberweis' conduct, through its agent, Nayman, towards the Plaintiff was extreme and outrageous.

ANSWER: Defendant denies the allegations contained in Paragraph 33.

      34. When Nayman was engaging in the actions alleged in this Count, he was acting as an alter ego of Defendant Oberweis.

ANSWER: Defendant denies the allegation contained in Paragraph 34.

      35. Defendant Oberweis was aware of or should have been aware of the extreme and outrageous conduct being taken against the Plaintiff by Nayman.

ANSWER: Defendant denies the allegation contained in Paragraph 35.

      36. Defendant Oberweis has a special duty to protect Plaintiff and its other employees from harm because of the large number of female employees under the age of eighteen that Oberweis hires to work at its stores.

222849.1

ANSWER: Defendant neither admits nor denies the allegation contained in Paragraph 36 to the extent the allegation purports to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegation contained in Paragraph 36.

37. Defendant's conduct, through its agent, Nayman, was intentionally designed to intimidate, harass, and cause emotional distress to Plaintiff, or was in reckless disregard of the probability that it would cause Plaintiff emotional distress.

ANSWER: Defendant denies the allegation contained in Paragraph 37.

38. As a proximate result of the foregoing acts of extreme and outrageous behavior by Defendant, Plaintiff has suffered emotional distress.

ANSWER: Defendant denies the allegation contained in Paragraph 38.

39. Defendant's duties not to intentionally inflict emotional distress on the Plaintiff are completely independent of any duties created under the Illinois Human Rights Act.

ANSWER: Defendant neither admits nor denies the allegation contained in Paragraph 39 to the extent the allegation purports to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegation contained in Paragraph 39.

## COUNT V

### WILLFUL AND WANTON MISCONDUCT

1-39. Paragraphs 1-39 are realleged as though fully pleaded herein.

ANSWER: Defendant incorporates its responses to Paragraphs 1-39 above as its responses to the allegations contained in Paragraph 1-39 of Count V.

40. Defendant Oberweis knew or should have known that its failure to take action against Nayman despite its actual or constructive knowledge of his behavior would likely and probably result in injury to its employees, including minors, and including the Plaintiff.

ANSWER: Defendant denies the allegation contained in Paragraph 40.

41. Defendant knowingly and intentionally disregarded the substantial risk and danger that it knew or would have known would result from its failure to take action.

ANSWER: Defendant denies the allegation contained in Paragraph 41.

42. Through its reckless disregard for the substantial risk and danger to its employees, Defendant Oberweis ratified the outrageous conduct of its supervisory employee Nayman.

ANSWER: Defendant denies the allegation contained in Paragraph 42.

43. Defendant's failure to take any action against Nayman showed an utter indifference to or conscious disregard for the safety of its employees.

ANSWER: Defendant denies the allegation contained in Paragraph 43.

44. Defendant Oberweis had a special duty to Plaintiff and its other employees from harassment because of the large number of female employees under the age of eighteen that Oberweis hires to work at its stores.

ANSWER: Defendant neither admits nor denies the allegation contained in Paragraph 44 to the extent the allegation purports to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegation contained in Paragraph 44.

45. By disregarding this knowledge of substantial risk posed by Nayman's behavior, Oberweis has committed willful and wanton misconduct.

ANSWER: Defendant denies the allegation contained in Paragraph 45.

46. As a proximate result of the foregoing conduct by Defendant Oberweis, Plaintiff has suffered substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

ANSWER: Defendant denies the allegations contained in Paragraph 46.

47. Defendant's duty not to act willfully and wantonly is completely independent of any duties created under the Illinois Human Rights Act.

ANSWER: Defendant neither admits nor denies the allegation contained in Paragraph 47 to the extent the allegation purports to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegation contained in Paragraph 47.

## COUNT VI

### ASSAULT AND BATTERY

1-47. Paragraphs 1-47 are and realleged the same as though fully pleaded herein.

ANSWER: Defendant incorporates its responses to Paragraphs 1-47 above as its responses to the allegations contained in Paragraph 1-47 of Count VI.

48. Defendant Oberweis, through its agent Nayman, repeatedly and willfully touched Plaintiff without her consent in an offensive manner and with the intent of harming Plaintiff, and intentionally placed Plaintiff in reasonable apprehension of such conduct.

ANSWER: Defendant denies the allegations contained in Paragraph 48.

49. When Nayman was committing assault and battery against the Plaintiff, he was acting as an alter ego of Defendant Oberweis.

ANSWER: Defendant denies the allegation contained in Paragraph 49.

50. Defendant Oberweis was aware or should have been aware of the assault and battery being committed against the Plaintiff by Nayman.

ANSWER: Defendant denies the allegation contained in Paragraph 50.

51. Defendant Oberweis had a special duty to Plaintiff and its other employees from harassment because of the large number of female employees under the age of eighteen that Oberweis hires to work at its stores.

ANSWER: Defendant neither admits nor denies the allegation contained in Paragraph 51 to the extent the allegation purports to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegation contained in Paragraph 51.

52. As a proximate result of the actions alleged, Plaintiff has suffered emotional distress and other monetary and non-monetary losses.

ANSWER: Defendant denies the allegations contained in Paragraph 52.

53. Defendant's duties not to commit assault and battery on the Plaintiff are completely independent of any duties created by the Illinois Human Rights Act.

ANSWER: Defendant neither admits nor denies the allegation contained in Paragraph 53 to the extent the allegation purports to state legal conclusions to which no admission or denial is required. Otherwise, Defendant denies the allegation contained in Paragraph 53.

222849.1

## AFFIRMATIVE DEFENSES

1. As an Affirmative Defense to Count I of the Complaint, Defendant states that it exercised reasonable care to prevent and correct promptly any harassing behavior at the workplace. and the Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the Defendant.

2. As an Affirmative Defense to Count I of the Complaint, Defendant states the Plaintiff did not exhaust the remedies and procedures with the Equal Employment Opportunity Commission ("EEOC") as required by Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e)(2) et seq. In addition, Plaintiff failed to allow the EEOC to conciliate.

3. As Affirmative Defenses to the intentional torts set forth in Counts II through VI of the Complaint, Defendant states that Plaintiff's claims are precluded by the exclusive remedy set forth in the Illinois Workers Compensation Statute.

4. With regard to Counts II through VI, if negligence and injury exist, Plaintiff was injured by fellow employee Nayman.

5. To the extent that the Defendant is liable for any of the claims set forth in this Complaint and Plaintiff has suffered injuries or damages as a result, Plaintiff was contributitorily negligent.

WHEREFORE, Defendant, Oberweis Dairy, respectfully prays that this Court dismiss Plaintiff's Complaint with prejudice and award Defendants their reasonable costs and attorneys fees, and for any further relief which this Court deems just and proper.

Respectfully submitted,

OBERWEIS DAIRY, INC.

By: _____
One Of Their Attorneys

Anthony J. Crement
Nora E. FitzGerald Meldrum
Franczek Sullivan P.C.
300 South Wacker Drive
Suite 3400
Chicago, Illinois 60606-6783
(312) 786-6140
Firm ID: 31593
Dated: September 9, 2003

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES to be served upon the following individuals by hand delivery on this 9th day of September, 2003:

>H. Candace Gorman, Esq.
>Catherine Caporusso, Esq.
>Law Offices of H. Candace Gorman
>Suite 1060
>542 South Dearborn
>Chicago, Illinois 60605

_____
Anthony J. Crement

222849.1