DOCKETED
JAN 2 1 2004
FILED
DEC 2 2 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANE DOE, )
)
      Plaintiff, )
)
   v. ) No.: 03-C-4774
)
OBERWEIS DAIRY ) Judge: Darrah
) Magistrate: Levin
)
      Defendant. )

## NOTICE OF MOTION

TO:    Anthony J. Crement
FRANCZEK SULLIVAN P.C.
300 S. Wacker
Suite 3400
Chicago, IL 60606

Please take notice that on January 20th, 2004, at 9:00am or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Darrah or any judge sitting in his stead in the courtroom usually occupied by him, at 219 South Dearborn Street, Chicago, Illinois 60604 and then and there present the attached PLAINTIFF'S MOTION TO DEEM CERTAIN FACTS ADMITTED.

                                                      _/s/ Catherine Caporusso_
                                                        Attorney for Plaintiff

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman
Catherine Caporusso
542 S. Dearborn St., Suite 1060
Chicago, IL 60605
(312) 427-2313

DOCKETED
JAN 21 2004
FILED
DEC 22 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE, <br>     Plaintiff, <br><br> v. <br><br> OBERWEIS DAIRY, <br>     Defendant. | No.: 03 C 4774 <br> Judge: Darrah <br> Magistrate: Levin |

## MOTION TO DEEM CERTAIN FACTS ADMITTED

NOW COMES the Plaintiff, by and through her attorneys, and asks this Court to deem certain facts admitted. In support thereof, Plaintiff states the following:

Plaintiff, a female and a minor, has filed suit for sexual harassment under Title VII, assault and battery, and other state law claims. Plaintiff alleges that she was subjected to sexual advances by one of her supervisors, Mr. Nayman, an adult, who was eventually convicted of criminal sexual abuse, and further alleges that Defendant took no action to protect her and other teenagers working at Oberweis stores from sexual harassment. In order to determine which issues will be contested at trial, Plaintiff served requests to admit involving Mr. Nayman's responsibilities and Defendant's sexual harassment policy. In several of its responses, Defendant has failed to comply with Federal Rules of Civil Procedure regarding requests to admit.

In Requests to Admit No. 1 and 2, Plaintiff requested that the Defendant admit that Matt Nayman, the convicted harasser, had the authority to direct Plaintiff's daily work activities and to give Plaintiff work assignments. Defendant responds with vagueness objections and an evasive and incomplete answer, stating that "on the few occasions that [Nayman] worked with Plaintiff, Mr. Nayman had limited authority to give

Plaintiff limited direction in fulfilling her duties as a Scooper," and "had limited authority to assign tasks to Plaintiff," but denies "that Mr. Nayman directed all of Plaintiff's work activities, directed Plaintiff's work activities on a daily basis, or served as Plaintiff's supervisor for purposes of liability under Title VII of the Civil Rights Act." (Exhibit A)

In its Response to Request to Admit No. 5, Defendant admits that its Handbook for Hourly Store Employees states that "employees who believe they have been the object of discrimination or harassment are encouraged to make use of the grievance procedure contained in this handbook.. (Exhibit A) In its Request to Admit No. 8, Plaintiff requested that the Defendant admit that the Defendant's grievance procedure contained in its "Handbook for Hourly Store Employees" does not designate at least one official outside an employee's chain of command to take complaints of harassment. Again, Defendant responds with an evasive and incomplete answer, admitting that the grievance procedure "provides that issues should be raised to an employee's manager, district manager, director of operators, and Vice President of Retail Operations," and then "denies any insinuation that this procedure applies to complaints of sexual harassment." (Exhibit A)

In Request to Admit No. 18, Plaintiff requested that the Defendant admit that she was not "given a copy of the 'Employee Handbook Version 3.0.'" Defendant objected on the grounds that "it is not clear what is meant by 'given a copy,'" and then evasively admitted only that a copy of the handbook "was available" at an Oberweis store. (Exhibit A) However, In Request to Admit No. 17, Plaintiff requested that the Defendant admit that she was "given a copy" of a handbook, (Exhibit A), in Interrogatory No. 22, Plaintiff asked Defendant to provide a list of employees who were "given a copy" of

another handbook, (Exhibit B), and in Request to Produce No. 8, Plaintiff requested copies of all handbooks "given to" the Plaintiff (Exhibit C), and Defendant answered all of these requests with no objection as to the phrase "given a copy."

Under Federal Rule of Civil Procedure 26, 36, and 37, responses to requests to admit must be specific, be made in good faith, and must fairly meet the substance of the requested admission. Evasive or incomplete responses are considered a failure to respond under Rule 37(d). Under Rule 36, failure to respond to a request to admit results in admission of the matter.

WHEREFORE, Plaintiff respectfully requests that the requests be deemed admitted, or in the alternative, that the Defendant be ordered to properly respond, and for such other and further relief as this court deem just and proper.

Respectfully submitted,

*[signature]*
Attorney for Plaintiff

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman
Catherine Caporusso
542 S. Dearborn St., Suite 1060
Chicago, IL 60605
(312) 427-2313

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 03-C-4774 |
| v. | ) |
| | ) Judge: Darrah |
| OBERWEIS DAIRY | ) Magistrate: Levin |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE
AND NOTICE OF FILING**

TO:      Anthony J. Crement
FRANCZEK SULLIVAN P.C.
300 S. Wacker
Suite 3400
Chicago, IL 60606

    I certify that I served a copy of PLAINTIFF'S MOTION TO DEEM CERTAIN FACTS ADMITTED upon the above and filed a copy with the Court on this 22nd day of December 2003 via FIRST CLASS MAIL.

_____
Attorney for Plaintiff

LAW OFFICE OF H. CANDACE GORMAN
H. Candace Gorman
Catherine Caporusso
542 S. Dearborn St., Suite 1060
Chicago, IL 60605
(312) 427-2313

# SEE CASE FILE FOR EXHIBITS