# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4774 | **DATE** | 5/20/2004 |
| **CASE TITLE** | Doe vs. Oberweis Dairy | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Status hearing held and continued to 6/8/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendant's motion to compel is granted in part and denied in part. Plaintiff shall produce all written discovery and provide an amended privilege log within 14 days of entry of this order. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 31 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| MF | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 03 C 4774 |
| | ) | |
| OBERWEIS DAIRY, | ) | Judge John W. Darrah |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jane Doe, filed suit for sexual harassment under Title VII and state law claims for assault and battery, negligence, willful and wanton misconduct, and intentional and negligent infliction of emotional distress against Defendant, Oberweis Dairy. Specifically, Plaintiff alleges that she was subjected to sexual battery by one of her supervisors and that Defendant took no action to protect her and other teenagers working for Defendant from sexual harassment, despite a special duty to protect minor employees from harm. Presently before the Court is Defendant's Motion to Compel. For the following reasons, that motion is granted in part and denied in part.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Plaintiff, a female, was employed by Defendant from fall 2001 until September 4, 2002. During this relevant time period, Plaintiff was a minor. Plaintiff was employed at Defendant's Bartlett store and was trained at Defendant's Bloomingdale store. Defendant allegedly operates its business with stores that are primarily made up of teenage employees reporting to adult supervisors.

31

During Plaintiff's employment with Defendant, she was allegedly subjected to ongoing sexual harassment by her shift supervisor, James Matthew Nayman. Nayman's behavior towards Plaintiff allegedly included sexual advances, comments about Plaintiff's appearance, hugging, kissing, and touching Plaintiff's buttocks. At one point Plaintiff's mother allegedly spoke to one of Defendant's managers about Nayman's behavior. The manager allegedly indicated that Nayman had sexually harassed the manager and had been known to sexually harass and seduce Defendant's female employees. At least one of the employees was allegedly a minor. Plaintiff's mother also allegedly complained to the Defendant's Human Resources Department and a Vice-President about Nayman's behavior. Two other managers and other supervisors allegedly witnessed Nayman's sexual harassment of Plaintiff and the other females working at the store but took no action. Plaintiff allegedly made numerous complaints regarding Nayman's behavior as well.

As a result of Nayman's actions, he pled guilty to Aggravated Criminal Sexual Abuse in Illinois State Court, pursuant to 720 ILCS 5/12-16(d). Defendant allegedly did not conduct sexual harassment training for its employees while Plaintiff was employed there. Moreover, Plaintiff alleges that she was never told to whom she could complain about sexual harassment or that she would be protected from retaliation if she complained.

Defendant, through document requests, sought production of any medical or mental health care Plaintiff received in connection with her employment with Defendant or the allegations in her Complaint. Defendant also sought, through interrogatories, production of evidence of Plaintiff's discussions regarding her claims and contact with health care providers, including therapists, in connection with the allegations in her Complaint. Plaintiff refused to

2

produce the materials Defendant sought in these requests, citing the psychotherapist-patient and doctor-patient privileges, Federal Rule of Evidence 412, statutes protecting the confidentiality of certain medical records, and laws protecting child victims of sexual abuse.

Defendant further sought, through interrogatories, to compel disclosure of details regarding Plaintiff's contact with Nayman. Specifically, Defendant sought "[f]or every instance in which you claim that Nayman touched Plaintiff without her consent in a sexual manner, identify the date of the alleged contact, describe the nature of the contact, state whether the contact occurred on Oberweis's premises, and identify all witnesses to the contact." Def.'s Mot. to Compel, at 8. Plaintiff refused to answer questions regarding details of sexual contact that occurred outside the workplace because she claimed these questions are irrelevant in light of Nayman's guilty plea.

Plaintiff also filed a privilege log which contained two entries. From 2002 until the present, letters and e-mails authored by Plaintiff and her mother that discussed the litigation were given to her counsel; Plaintiff claims these documents are privileged under the attorney-client and work-product privileges. Plaintiff also considers as privileged records produced by various health care providers discussing Plaintiff's treatment from 1985 until the present; Plaintiff asserts the doctor-patient privilege, psychotherapist-patient privilege, Rule 412, and other statutory and common law privileges as the bases for not producing these records.

Defendant served its discovery requests on Plaintiff on November 5, 2003. Thereafter, Defendant provided Plaintiff with the legal authority supporting Defendant's claim that it is entitled to Plaintiff's medical and mental health records. After Defendant filed this motion on March 16, 2004, Plaintiff voluntarily dismissed her claims for intentional and negligent infliction

3

of emotional distress on March 26, 2004. On April 6, 2004, Defendant, with permission of the

Court, attempted to reach an agreement with Plaintiff concerning the mental health records if

Plaintiff would limit her claims for emotional damages; Plaintiff refused this offer without

discussion.

## ANALYSIS

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the

claim or defense of any party . . . . Relevant information need not be admissible at trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.

R. Civ. P. 26(b)(1).

Federal Rule of Evidence 501 governs the applicability of privileges in federal court.

Federal common law applies in cases based upon a federal cause of action even if the complaint

states a supplemental state law claim. *Mem'l Hosp. for McHenry County v. Shadur*, 664 F.2d

1058, 1061 n.3 (7th Cir. 1981) (*Shadur*). A federal court still considers the law of the state in

which the case arises in determining whether a privilege should be recognized as a matter of

federal law. *Shadur*, 664 F.3d at 1061. Here, the principal claim arises under Title VII. Thus,

federal common law governs the determination of privilege.

Federal common law recognizes a psychotherapist-patient privilege. *Jaffee v. Redmond*,

518 U.S. 1 (1996). The state of Illinois also recognizes this privilege. 740 ILCS 110; *Reda v.

Advocate Health Care*, 756 N.E.2d 1002, 1007-08 (Ill. S. Ct. 2002). However, the privilege is

waived if a plaintiff places her emotional and mental condition at issue. *See, e.g., Landon v.

Oswego Unit Sch. Dist. # 308*, No. 00-1803, 2001 U.S. Dist. LEXIS 1394, at * 6-7 (N.D. Ill. Feb.

12, 2001).

However, if a plaintiff fails to limit her emotional distress claims to "the garden variety type of emotional distress," the plaintiff's mental health records are at issue and not protected by the psychotherapist-patient privilege. *Santos v. Boeing Co.*, No. 02-9310, 2003 U.S. Dist. LEXIS 18736, at *4 (N.D. Ill. Oct. 21, 2003) (*Santos*); *accord Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999)[1] (*Santelli*) ("Put another way, plaintiff's emotional distress claim has been limited to the negative emotions that she experienced as the intrinsic result of defendant's alleged conduct, while she has been barred from introducing evidence of any resulting symptoms or conditions that she might have suffered.").

Plaintiff now argues that because she has voluntarily dismissed her claims for intentional and negligent infliction of emotional distress, the privilege still applies. Defendant contends the privilege is not available because Plaintiff is still seeking damages for emotional distress and mental anguish. While clearly Plaintiff's emotional damages claims are pending, Defendant is entitled to the discovery it seeks concerning Plaintiff's mental health records. *Kroka v. City of Chicago*, 193 F.R.D. 542, 544 (N.D. Ill. 2000); *see also Saket v. Am. Airlines*, No. 02-3453, 2003 U.S. Dist. LEXIS 2797, at *2 (N.D. Ill. Feb. 26, 2003). This conclusion would also be the same if the Court applied Illinois' privilege law. 740 ILCS 110/10(1) (explaining that mental records are discoverable if a plaintiff "introduces his mental condition or any aspect of his services received for such condition as an element of his claim or defense").

The parties dispute the applicability of the doctor-patient privilege, as well. Although federal common law does not recognize a doctor-patient privilege, *Patterson v. Caterpillar, Inc.,*

---

[1]Plaintiff's counsel in the case at bar was also the counsel of record for Plaintiff in *Santelli*.

70 F.3d 503, 506 (7th Cir. 1995), Illinois law recognizes that this privilege exists. 735 ILCS 5/8-802. However, a physician can be compelled to produce records in a number of limited exceptions, such as "in all actions brought by the patient . . . wherein the patient's physical or medical condition is an issue (in which instance the patient shall be deemed to have waived all privileges relating to physical or mental condition)." 735 ILCS 5/8-802(4).

As discussed earlier, a federal court considers the law of the state in which the case arises in determining whether a privilege should be recognized as a matter of federal law. Where a federal claim is the principal claim, the federal court has discretion regarding the application of state law of privilege. *Shadur*, 664 F.2d at 1061. Two principles govern the federal court's determination. "First, because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed." *Shadur*, 664 F.2d at 1061. Second, a federal court should weigh the need for truth against importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case. *Shadur*, 664 F.2d at 1061-62.

Here, Plaintiff argues that her non-psychiatric medical condition is not at issue because she will not be producing any physicians as expert witnesses and she will not testify regarding her treatment. Plaintiff, though, claims that she was subjected to substantial and irreparable injuries, pain and suffering, and an assault and battery.

Accordingly, in light of the considerations of *Shadur,* the analyses of cases such as *Santos* and *Santelli*, and the statutory exemption in Illinois' doctor-patient confidentiality statute, Plaintiff is not required to disclose her medical records as long as she does not intend to prove

6

the extent of any injuries by introducing evidence of physical conditions, evidence of treatment, or call any witnesses to testify about her physical symptoms or treatment. If this is not the case, Plaintiff must comply fully with the requested discovery; failure to do so will bar admission of this evidence at the time of trial.

Plaintiff asserts other bases for her privilege claims, as well. Specifically, Plaintiff looks to three different "sources" for these privileges: (1) statutes preventing the disclosure of tests relating to sexually transmitted diseases and substance abuse education, 42 U.S.C. §§ 247 and 290dd-2; (2) Federal Rule of Evidence 412, which limits the admissibility at trial of a victim's sexual history and predisposition; and (3) statutes regarding child victims of sexual abuse, 725 ILCS 5/115-11 and 18 U.S.C. §§ 403 and 3509.

The statutes cited by Plaintiff are statutes that protect the confidentiality of records in substance abuse programs and programs designed to prevent and control sexually transmitted diseases, as long as these programs receive federal grant money or are at least indirectly assisted by any department of the United States. Plaintiff's assertion, by itself, is not enough to hold these privileges applicable.

In an accompanying Memorandum Opinion and Order on Plaintiff's Motion for a Protective Order, the Court set out reasons for rejecting Federal Rule of Evidence 412 as a basis for non-disclosure of discovery.

As to Plaintiff's third source for a privilege, the Court, in the same above mentioned opinion, held that the statutes cited by Plaintiff apply in situations where a minor Plaintiff testifies in a criminal proceeding involving sexual abuse allegations. These statutes cannot be

extended to protect medical and mental health records from disclosure in a civil case. Accordingly, this basis for a privilege is also inapplicable.

Plaintiff also refused to answer any interrogatories regarding details of sexual contact that occurred outside the workplace because she claimed these questions are irrelevant in light of Nayman's guilty plea. Plaintiff contends that answering interrogatories concerning her sexual contact with Nayman would exacerbate Plaintiff's trauma. Plaintiff further argues that Nayman's guilty plea resolved the "question that the 'alleged conduct' occurred." Pl.'s Resp. at 11. Although a felony guilty plea is admissible under Federal Rule of Evidence 803(22) "to prove any fact essential to sustain the judgment," "such evidence is not conclusive, and the court can assign to it the weight it sees fit." *LaSalle Nat'l Bank v. FEMA*, 1985 U.S. Dist. LEXIS 17403, at *8 (N.D. Ill. July 29, 1985).

As set out more fully in this Court's Memorandum Opinion and Order on Plaintiff's Motion for a Protective Order, Defendant may depose Plaintiff regarding any sexual contact Plaintiff engaged in with Nayman. Accordingly, Plaintiff is also required to answer interrogatories that involve the details of Plaintiff's alleged sexual contact with Nayman outside the workplace.

Plaintiff further refused to answer interrogatories discussing the alleged sexual harassment she endured at Defendant's place of business. However, Plaintiff is directed to answer these questions at her deposition. A deposition would be a more convenient way of answering these questions. *See, e.g., Byers v. Illinois State Police*, 2002 U.S. Dist. LEXIS 9861, at *9 (N.D. Ill. 1992). In its reply, Defendant does not dispute this contention; and Plaintiff need not answer these interrogatories.

Defendant also objects to the format of Plaintiff's privilege log. Federal Rule of Civil Procedure 26(b)(5) requires that when a party withholds discoverable information by claiming it as privileged, "the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

Plaintiff has not adequately stated the bases for the asserted privileges. Simply listing "other statutory and common law privileges" gives Defendant no opportunity to challenge the privileges. Moreover, Plaintiff failed to list some of the privileges she asserts in her Response to this motion in her privilege log. Plaintiff must adequately define the class of documents each privilege covers with enough specificity so that Defendant has an opportunity to assess those privileges and the Court has the wherewithal to resolve the issues. Therefore, Plaintiff is ordered to produce an amended privilege log, consistent with this Memorandum Opinion and Order.

Lastly, Defendant seeks expenses, including attorney's fees, incurred in bringing this motion as a sanction against Plaintiff. Federal Rule of Civil Procedure 37(a)(4) provides that if a motion to compel is granted, "the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . ." Defendant's request for sanctions is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel is granted in part and denied in part. Plaintiff shall produce all written discovery and provide an amended privilege log within fourteen days of the date of entry of this order.

Dated: 5/20/04

JOHN W. DARRAH
United States District Judge