Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4774 | **DATE** | 9/13/2004 |
| **CASE TITLE** | Doe vs. Oberweis Dairy | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to compel is granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 13 2004 | |
| | Notified counsel by telephone. | | date docketed | 70 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
SEP 1 3 2004

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No: 03 C 4774 |
| OBERWEIS DAIRY, | ) ) Judge John W. Darrah |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jane Doe, filed suit for sexual harassment under Title VII and state law claims for assault and battery, negligence, willful and wanton misconduct, and intentional and negligent infliction of emotional distress against Defendant, Oberweis Dairy. Specifically, Plaintiff alleges that she was subjected to sexual battery by one of her supervisors and that Defendant took no action to protect her and other teenagers working for Defendant from sexual harassment, despite a special duty to protect minor employees from harm. Presently before the Court is Plaintiff's Motion to Compel.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. Plaintiff, a female, was employed by Defendant from fall 2001 until September 4, 2002. During this relevant time period, Plaintiff was a minor. Plaintiff was employed at Defendant's Bartlett store and was trained at Defendant's Bloomingdale store. Defendant allegedly operates its business with stores that are primarily made up of teenage employees reporting to adult supervisors.

During Plaintiff's employment with Defendant, she was allegedly subjected to ongoing sexual harassment by her shift supervisor, James Matthew Nayman. Nayman's behavior towards Plaintiff allegedly included sexual advances, comments about Plaintiff's appearance, hugging, kissing, and touching Plaintiff's buttocks. At one point, Plaintiff's mother allegedly spoke to one of Defendant's managers about Nayman's behavior. The manager allegedly indicated that Nayman had sexually harassed the manager and had been known to sexually harass and seduce Defendant's female employees. At least one of the employees was allegedly a minor. Plaintiff's mother also allegedly complained to the Defendant's Human Resources Department and a Vice-President about Nayman's behavior. Two other managers and other supervisors allegedly witnessed Nayman's sexual harassment of Plaintiff and the other females working at the store but took no action. Plaintiff allegedly made numerous complaints regarding Nayman's behavior as well.

As a result of Nayman's actions, he pled guilty to Aggravated Criminal Sexual Abuse in Illinois State Court, pursuant to 720 ILCS 5/12-16(d). Defendant allegedly did not conduct sexual harassment training for its employees while Plaintiff was employed there. Moreover, Plaintiff alleges that she was never told to whom she could complain about sexual harassment or that she would be protected from retaliation if she complained.

Plaintiff presently seeks a list of all of Defendant's Dairy Store employees from January 1, 2000 to the present, including their name, age, sex, date of hire, current status, and job

title and history.[1] Thereafter, Defendant provided Plaintiff with a chart of all employees that worked at the Bartlett store from December 8, 2001 through November 1, 2002, containing the name, street address, phone number, gender, birth date, hire date, termination date, job title, and supervisor for every Bartlett store employee. Defendant provided a similar chart containing the name, street address, phone number, gender, hire date, termination date, job title, and supervisor for every Bloomingdale store employee.

However, this information did not satisfy Plaintiff's request; and the parties met to discuss discovery related issues. After this meeting, Defendant provided Plaintiff with a chart that lists the names, genders, start dates, birth dates, termination dates, store locations, and home addresses for all 1,236 Dairy Store employees of Defendant between December 8, 2001 and November 1, 2002. Furthermore, this chart reflects the position history information for Bartlett and Bloomingdale store employees, which reflects changes that occurred in the employees' job titles during this time period.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, a discovery request can be limited if it is "unreasonably cumulative . . . [and] obtainable from some other source that is more convenient, less

---

[1] It is unknown whether this interrogatory request sought a list of all of Defendant's employees or whether it sought a list of all of Defendant's Dairy Store employees. Plaintiff failed to attach a copy of the interrogatory request but asserts, in its Reply, that it is only seeking data for the Dairy Store employees.

3

burdensome, or less expensive." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (*Patterson*). In making this analysis, "the court should consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court." *Patterson*, 281 F.3d at 681 (quoting *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D. Ala. 2001)).

Plaintiff contends the Defendant's previous submissions are unsatisfactory in three ways. First, Plaintiff wants the position history for all Dairy Store employees, not just the Bartlett and Bloomingdale stores where Plaintiff worked. Second, Plaintiff wants a detailed position history that indicates when a particular employee became a manager, an assistant manager, or a shift manager. Third, Plaintiff seeks these records from January 1, 2000 until the present, even though Plaintiff only worked for Defendant from fall 2001 until September 4, 2002.

Plaintiff thus contends the information is relevant for two reasons. First, Plaintiff claims this information is relevant to her negligence and willful and wanton misconduct claims because under Illinois law, Defendant had a "special duty" to protect the teenage employees. *See Kigin v. Woodmen of the World Ins. Co.*, 541 N.E.2d 735 (Ill. 1989); *Plaston v. NSM, Am., Inc.*, 748 N.E.2d 1278 (Ill. App. Ct. 2001). Plaintiff argues that:

> [w]ithout the requested information, Plaintiff cannot determine <u>when</u> (if ever) an individual was a non-supervisory employee and when they were a supervisor, and therefore cannot establish her claims that the hourly workforce was primarily made up of teenage employees reporting to older supervisors. Because Plaintiff's allegations regarding Defendant's negligence and its special duty involve the ages of <u>all</u> of its store employees <u>prior to</u> the Plaintiff's hire, providing position histories for <u>only</u> the Bartlett store during the period of time Plaintiff was employed is not sufficient. It is necessary for Plaintiff to have access to the positions and ages of all Oberweis dairy store [sic] employees for the period of

4

> time before and during Plaintiff's employment in order to establish Defendant's
> duty to exercise reasonable care.

Pl.'s Mot. to Compel, at 3-4 (emphasis included). Second, Plaintiff asserts that without this information, she is "unable to determine . . . whether a particular individual was a supervisor at the time they witnessed sexual harassment of the Plaintiff and other employees." Pl.'s Reply to Mot. to Compel, at 5.

Defendant claims it is irrelevant and impracticable to give the position history of each employee, other than the position history for the Bartlett and Bloomingdale stores which Defendant has already provided. Defendant asserts this information is only maintained on written files located in the store where each employee works.

Contrary to Plaintiff's contention, it is irrelevant to know exactly when an employee became a manager, an assistant manager, or a shift manager. If an employee held one of these supervisory positions during the relevant time period, Plaintiff has enough evidence of the ages of supervisors to establish her claim that the supervisor force was "older." Similarly, if an employee did not become a supervisor during this time period, Plaintiff has enough evidence of the age of the remainder of the hourly workers at the Dairy Stores.

It is irrelevant and impracticable for Defendant to provide detailed position histories of each employee simply because Plaintiff would be unable to determine whether a particular individual was a supervisor at the time they witnessed sexual harassment of the Plaintiff and other employees. Plaintiff could make a much more limited discovery request regarding particular employees.

Therefore, Defendant is ordered to provide the requested information about its Dairy Store employees by providing the names, street addresses, phone numbers, genders, birth dates, hire dates, termination dates, job titles, and supervisors. If Defendant is unable to use its electronic records to ascertain this information, it would not seem so burdensome to provide Plaintiff with this information by examining its personnel records. This information shall be provided to Plaintiff within fourteen days from the date of entry of this order.

Plaintiff's Motion to Compel is granted in part and denied in part.

Dated: 9-13-04

JOHN W. DARRAH
United States District Judge